IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY SCHLEIGER, :

      Plaintiff, : Case No. 3:18-CV-00016

vs. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, :
Acting Commissioner of the
Social Security Administration :

      Defendant. :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #14) SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF BILLY SCHLEIGER AND AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR THE PAYMENT OF BENEFITS WITH THE ONSET OF BENEFITS TO BE CALCULATED FROM AUGUST 5, 2014; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF BILLY SCHLEIGER, AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT FOR THE PERIOD OF JUNE 1, 2012 THROUGH AUGUST 4, 2014;TERMINATION ENTRY

On August 26, 2014, Plaintiff, Billy J. Schleiger ("Plaintiff"), filed an application for Social Security disability benefits. Both his Title II application and Title XVI application alleged disability since June 1, 2012. Plaintiff contends that his disability is the result of severe injuries sustained in a motor vehicle accident that occurred in October 2008. As a result of this accident, he sustained fractures to his right leg, including his femur, as well as injuries to his left ankle. Surgery included implanting metal plates in his left ankle and metal rods and plates in his right leg. Following six months in a wheelchair, Plaintiff returned to work as a self- employed truck driver, however, by 2012, he determined that he was unable to continue employment. Doc. #6-2 PAGEID#72. As of the June 1, 2012, the onset date, Plaintiff was under the age of fifty, a "younger person" for Social Security purposes. 20 C.F.R. § 404.1563(c).

Following the denial of Plaintiff's applications, a hearing before the administrative law judge ("ALJ") was requested. On November 4, 2014, the ALJ denied Plaintiff's disability benefits, Doc. #6-2, PAGEID##40-53. His request for review to the Appeals Council was also denied. Plaintiff filed suit pursuant to 42 U.S.C. § 405(g) in order to review the decision of Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying him disability benefits.

On April 30, 2019, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #13, recommending that the non-disability finding be

reversed, that the case be remanded to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for payment of benefits and that the case be terminated on the docket of this Court.

The Commissioner has filed objections to the Magistrate Judge's filing, Doc. #14, asserting that Plaintiff was not disabled, not entitled to benefits for the closed period from June 1, 2012, through August 4, 2014, and that while the Magistrate Judge found that the evidence supported the consultative examiner Dr. Onamusi's opinion "that Plaintiff could perform sedentary work, two state agency doctors thought he was not disabled, which makes an award of benefits unsupported by the administrative record and contrary to the law." *Id.*, PAGEID#809. The Commissioner further argued

> even the most restrictive medical opinion, obtained from Dr. Onamusi, limited Plaintiff to 'sedentary to light' work and is not necessarily work-preclusive. As Plaintiff acknowledged, a limitation to a full range of sedentary work would only render him disabled as of August 5, 2014, when he turned 50 years old. (citation omitted). Thus, if the Court chooses to uphold the Report's recommendation, it should limit the payment of benefits to begin on August 5, 2014.

*Id.*, PAGEID#809.

Plaintiff contends that "while modifying the Report and Recommendations to direct payment of benefits for the period beginning on August 5, 2014 would not be unreasonable, adopting the Chief Magistrate Judge's Report and Recommendations in full is also reasonably merited." Doc. #15, PAGEID#825. Plaintiff has further requested that any modification by this Court should apply

3

"only to the period following August 5, 2014," and that the Social Security Administration should be instructed "not to disturb that award during any remand proceedings regarding Plaintiff's disability status for the prior period." *Id.*

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record, Doc. #6, and a thorough review of the applicable law, this Court adopts in part and rejects in part the Report and Recommendations and sustains in part and overrules in part the Commissioner's Objections, Doc. #14, to said judicial filing. The Court, in so doing, enters judgment in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, as not supported by substantial evidence, and remands the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U. S. C. § 405(g), for further proceedings consistent with the adopted portions of the Reports and Recommendations. On remand, the Commissioner is directed to commence payment of benefits to Plaintiff with the onset of benefits to be calculated from August 5, 2014, the date he turned fifty years of age.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to

4

the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those administrative record recommendations of the report to which objection is made. This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802

---

1 Now referred to as a "Judgment as a Matter of Law in a Jury Trial." Fed. R. Civ. P. 50

5

F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, this Court makes the following, non-exclusive, observations as to the closed period from June 1, 2012, through August 4, 2014:

1. The Commissioner's objections assert that contrary to the Magistrate Judge's Report, the ALJ was correct to assign "moderate weight" to the opinions of consultative examiner Dr. Onamusi, who opined that Plaintiff could perform sedentary to light work, and both state agency reviewing physicians, Dr. Amiri and

6

Dr. Hughes, who opined that Plaintiff could perform a reduced range of light work. Doc. #14, PAGEID#809. This is so, according to the Commissioner, because the ALJ found that Plaintiff had relatively "conservative treatment, generally unremarkable x-rays, and EMG report showing only mild peripheral neuropathy." *Id.*, PAGEID#810. The ALJ's finding, however, is at odds with the substantial evidence to the contrary. Specifically, following an emergency room visit for pain in early June of 2013, Plaintiff had had surgery to remove much of the hardware in his lower extremities. Approximately one year later, Plaintiff had returned to his primary care provider reporting no difference in his pain and was complaining of severe pain in his right thigh with cramping that kept him from sleeping. By July of 2014 through mid- August of 2014, he was undergoing physical therapy with intermittent improvement. As a result of continued pain, by October of 2014, he began pain management treatment which continued through the August 2016, administrative hearing, and was placed on additional pain medications, including Hydrocodone and other prescriptions. Imaging of Plaintiff's left ankle in February 2015 was not "unremarkable" in that it showed unhealed screw holes, loose metallic fragments, hypertrophic calcification, cystic changes, and soft tissue swelling. While the EMG showed "mild peripheral neuropathy," as explained by the Magistrate Judge, "Plaintiff does not allege disabling limitations secondary to lower-extremity neuropathy, but due to his persistently worsening residuals caused by the severe trauma he suffered in his lower extremities, his resulting invasive

7

surgeries, and the failure of his 2013 surgery to ameliorate his left-ankle pain and swelling." Doc. #14, PAGEID#809.

2. The objections also contend that while the "ALJ acknowledged the limitations Plaintiff placed on his activities," he "nevertheless properly concluded that his statements about the intensity, persistence, and limiting effects of his physical impairments were not entirely credible in light of his medical records, medical opinion evidence, daily activities, and his presentation at the hearing." Doc. #6-2, PAGEID## 45-50. A *de novo* review of the record, however, shows that the ALJ improperly characterized and over generalized Plaintiff's testimony. *See Lee v. Commissioner*, No. 3:14-cv-291 Report & Recommendations * 13 (S.D. Ohio, Feb. 12, 2016) (MJ Ovington, J Rice) (An ALJ errs in mischaracterizing or over-generalizing a claimant's testimony.). Admittedly, certain medical records cited by the ALJ contain entries that Plaintiff had mowed the grass, taken bags of salt down the stairs to his basement, and walked "two to three miles the previous day", Doc. #6-2, PAGEID#47. These entries, however, were from July of 2014. In his testimony at the hearing in August of 2016, Plaintiff testified that he has not mowed grass in "[T]wo, three years," that he never carried salt bags down the steps but instead "rolled them," and that he had pain in walking from the car to the hearing. *Id.*, PAGEID##76-78. Plaintiff also explained at the 2016 hearing the problems he has going up and down stairs, his difficulty driving due to pressing on the gas for extended periods. *Id.*, PAGEID##69-70.

8

3. On August 5, 2014, Plaintiff turned fifty years of age and became a "[P]erson approaching advanced age," 20 C.F.R. § 404.1563(d). As noted by the Commissioner, "The most restrictive medical opinion in the record (that of Dr. Onamusi) limits Plaintiff to sedentary work. Assuming that Plaintiff could perform the full range of sedentary work, the Agency's medical vocational guidelines, or "grids," could be applied to determine that Plaintiff was disabled only as of August 5, 2014." Doc. #14, PAGEID#815. Commissioner's Medical Vocational Guidelines. *See* 20 C.F.R. App'x 2 to Subpt. P of Pt. 404 §201.14. Given the findings and assessment of Dr. Onamusi's consultative evaluation, as cited by the ALJ, Doc. #6-2, PAGEID##48 and 50; Doc. #6-7, PAGEID##461-463, and including the assessments of Dr. Amiri and Dr. Hughes, there is substantial evidence to support the Commissioner's assumption of Plaintiff's ability to "perform the full range of sedentary work," for the closed period from June 1, 2012, through August 4, 2014.

Accordingly, the Court adopts in part and rejects in part the Report and Recommendations, Doc. #13, and sustains in part and overrules in part the objections of Defendant, Doc. #14. Judgment is to enter in favor of Plaintiff Billy Schleiger and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), with the onset of benefits to be calculated from August 5, 2014. Judgment is to enter in favor of

9

Defendant Commissioner and against Plaintiff Billy Schleiger, affirming the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, for the period of June 1, 2012, through August 4, 2014.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 30, 2019

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record